# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

GREGORY GILLILAN,

    Plaintiff,

v.

Dr. DEAN BROOME; Dr. T. JONES, and JOHN PAUL,

    Defendants.

CIVIL ACTION NO.: CV608-052

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Gregory Gillilan[1] ("Plaintiff"), who is currently incarcerated at the Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response, Defendants filed a Reply, and Plaintiff responded. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff is a "three-striker" and may only proceed *in forma pauperis* on those claims for which he has sufficiently alleged imminent danger. Plaintiff filed the instant action alleging "imminent danger," and after a § 1915 review, three claims survived: (1) Plaintiff's claim that his medical condition requires him to constantly be observed by

---

[1] Plaintiff filed his complaint as "Gregory Gillilan, Founder and President of (C.U.S.S.) Convicts, United, Stand, Strong for Law and Order, Lic. #419922632." (Doc. No. 1, p.1). There is no evidence that C.U.S.S. exists as a legal entity. Even if it did, Plaintiff cannot represent this organization in court as corporations and similar entities may be represented in federal court only by an attorney. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

prison staff; (2) Plaintiff's claim that he has been denied needed catheters; and (3) Plaintiff's claim that he was denied gallbladder surgery. (Doc. No. 10, p. 3).

Plaintiff contends Defendant Jones issued a medical profile for Plaintiff directing that Plaintiff be housed in front of prison staff in case Plaintiff had a seizure. Plaintiff alleges that this profile was later revoked, and that he had seizures after the revocation of his medical profile. Plaintiff avers Defendant Jones informed him that the medical profile was revoked at the behest of the Deputy Warden of Care and Treatment, Defendant Paul. Plaintiff asserts that his profile should not have been altered and that he should be housed in front of prison staff and constantly observed. (Doc. No. 1, p. 6). Plaintiff also asserts that he has been denied clean catheter tubes and has been using the same tube since February of 2008. Plaintiff also contends the Defendants are aware that he needs surgery on his gallbladder and that he has needed this surgery since 2006. Plaintiff requests injunctive relief.

Defendants assert that Plaintiff has no medical condition that requires him to be under constant observation or housed in a prison infirmary, but rather "that Plaintiff has been using his claimed seizure disorder to be transferred to a medical unit so that he can masturbate and expose himself to nursing staff." (Doc. No. 31-2, p. 4). Defendants assert that there are no objective medical findings that suggest Plaintiff has a need for medical catheters, and despite this, "Plaintiff has been provided clean catheters while medical professionals attempt to investigate his complaints." (Id. at p. 7). Defendants also assert that Plaintiff failed to exhaust his administrative remedies with respect to his catheter claim. (Id. at pp. 8-10). Defendants contend that Plaintiff's claim regarding

gallbladder surgery is moot. Defendants request that limitations be placed on Plaintiff's future filings.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving

party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Housing Assignment

Plaintiff's complaint alleges that he should be under constant observation or housed in the infirmary because of his seizure disorder.[2] Plaintiff has been continuously housed in "D" or "E" dormitories in which cell checks are preformed every thirty minutes. (Doc. No. 31-2, p. 15). Defendants assert that Plaintiff has no medical condition that requires him to be housed in the infirmary or remain under constant visual observation.

The Eighth Amendment governs the conditions of a prisoner's confinement. Helling v. McKinney, 509 U.S. 25, 31 (1993). To rise to the level of a constitutional claim, a plaintiff must show the following: 1) that he has or had a serious medical need; 2) that Defendants' response to that need amounted to deliberate indifference; and 3) that Defendants' deliberate indifference caused harm to Plaintiff. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1542 (11th Cir. 1995). Deliberate indifference occurs when an official knows that an inmate is in serious need of medical care, "but he fails or refuses to obtain medical treatment for the inmate." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (citing Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997)). Defendants must actually know of an

---

[2] In a subsequent filing, it appeared that Plaintiff abandoned this claim. (Doc. No. 40, p. 10) ("The Plaintiff don't wont [sic] to be housed in medical infirmary, to be monitord [sic] . . . this Plaintiff simply wonts [sic] medical needs of x-rays, other surgerys [sic], seizure medicanes [sic]."). However, the undersigned addresses this issue in case this was not Plaintiff's intent.

excessive risk to the inmate's health and disregard that risk. (Id. at 837). An inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

Upon his arrival at GSP, Plaintiff reported to Dr. Jones that he suffered from seizure disorder and that at his previous prison he had a profile to be housed in front of staff[3]. (Doc. No. 31-3, ¶ 108). Based upon the treatment Plaintiff told Dr. Jones he was receiving prior to his arrival at GSP and because Dr. Jones did not know the circumstances of Plaintiff's housing assignment, Dr. Jones issued a profile stating that Plaintiff should be housed in front of staff. (Doc. No. 31-10, ¶ 8). Dr. Jones was subsequently informed by Deputy Warden Paul that Plaintiff was being observed by correctional officers every thirty minutes. (Doc. No. 31-10, ¶ 9). Dr. Jones affirmed that this amount of observation satisfied Plaintiff's medical needs and removed the profile stating that Plaintiff should be housed in front of staff. (Id.). Plaintiff has failed to put forth any evidence that he has a need to be constantly observed by medical staff. Constant surveillance of an individual affected by seizures is not a common treatment. (Doc No. 31-9, ¶ 65). The evidence establishes that Plaintiff's current housing assignment wherein he is observed every thirty minutes meets any medical need he may have. (Id.; SMF, ¶¶ 168-169[4]). Plaintiff's alleged seizures have all been promptly

---

[3] Plaintiff, in fact, did not have a profile to be housed in front of staff at his previous prison. Doc. No. 31-3, ¶ 108.

[4] Pursuant to Local Rule 56.1, Defendants submitted a Statement of Material Facts (SMF) in support of their Motion for Summary Judgment. (See Doc. No. 31-3). "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." L.R. 56.1. Pro se litigants are not excused from the obligation to respond to a statement of material facts in the manner required by the rule. Mack-Muhammad v. Cagle's Inc., No. CV408-11, 2010 WL 55912, at *1 (M.D. Ga. Jan. 4, 2010); United States v. Delbridge, No. CV106-110, 2008 WL 1869867, at *9 (M.D. Ga. Feb. 22, 2008); King v. Publix Supermarkets, Inc., No. CV105-486, 2006 WL 2166729, at *8 (N.D. Ga. July 28, 2006). Plaintiff's

and adequately treated. (SMF ¶ 170-71). Defendants' failure to give into Plaintiff's desire to be constantly monitored does not meet the level of deliberate indifference required for a showing of an Eighth Amendment violation.

## II. Catheter Care

Plaintiff claims that "the doctors have force [sic] me to use the same [cafinter] tube over 6 mo without anything to clean the tube's [sic] to avoid serious infection. . . . I have continuely [sic] put in medical request for clean cafinter [sic] to avoid infection, I been using the same one sence [sic] February". (Doc. No. 6, pp. 1, 10). Defendants assert that Plaintiff failed to exhaust his administrative remedies on this claim before filing his lawsuit.

The Prisoner Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). "When a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies under that procedure before pursuing a § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Id. at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to

---

response to Defendants' Motion for Summary Judgment was largely non-responsive as it consisted of complaints about the mailing system and the distribution of medications. Plaintiff's only objection to Defendants' SMF is that while Defendants assert that Plaintiff altered and forged medical records that he submitted to this Court, Plaintiff claims he was merely "correcting" his medical records. (Doc. No. 32, p. 6). As Defendants' SMF is not controverted by Plaintiff, it is deemed admitted.

address the grievance internally and rule on the grievance before the inmate files a complaint in federal court. Id.

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

Plaintiff's suit was filed on June 30th, 2008. (Doc. No. 1). However, the first time he submitted a grievance referencing his alleged denial of catheter care was on October 23, 2008). (Doc. No. 22-1, p. 11; SMF ¶ 183). Plaintiff did not commence the grievance filing procedure until almost three months after he filed the instant suit; therefore this claim should be dismissed.

### III. Gallbladder Surgery

Plaintiff states that he has been denied needed gallbladder surgery. Defendants assert that Plaintiff received the requested surgery on September 23, 2008.

Jurisdiction in the federal courts must present an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). A case that is moot is not an

AO 72A
(Rev. 8/82)

7

active case or controversy. Mingkid v. United States Attorney General, 468 F.3d 763, 768 (11th Cir. 2006). Injunctive relief is a prospective remedy that is intended to prevent future injuries. Adler v. Duval County School Board, 112 F.3d 1475, 1477 (11th Cir 1997). When a court lacks the ability to grant injunctive relief and correct the conditions, the case or controversy is moot. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007).

The evidence indicates that Plaintiff underwent his requested gallbladder surgery on September 23, 2008, thereby obtaining the only relief he requested. (Doc. No. 31-9, ¶ 78; Doc. No 31-10, ¶ 44). Therefore, there is no live controversy with respect to this claim, and it is moot.

## IV. Future Filing Limitations

Defendants assert that limitations should be placed on Plaintiff's future filings. Specifically, Defendants request that Plaintiff be required "to attach to any new lawsuit a list of all cases he has previously filed, the name of the defendant(s), the court where the cases were filed, the subject matter of the case, and the disposition of such case." (Doc. No. 31-2, p.24). The undersigned believes the frivolity review and "three-strikes" provisions elaborated in the PLRA are sufficient to curb unnecessary review of Plaintiff's future frivolous claims and declines to impose further restrictions on Plaintiff's future filings.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**. Plaintiff's claim that his medical condition requires him to constantly be observed by prison staff should be dismissed with prejudice; Plaintiff's claim that he has been denied needed catheters should be **dismissed,** without prejudice, as Plaintiff failed to exhaust his administrative remedies as to this claim; and Plaintiff's claim that he was denied gallbladder surgery should be **dismissed** as moot.

**SO REPORTED AND RECOMMENDED**, this 26th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE