UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GREGORY GILLILAN,

Plaintiff,

v.   608CV052

Dr. DEAN BROOME; Dr. TOM JONES, and JOHN PAUL,

Defendants.

## ORDER

Before the Court is Plaintiff Gregory Gillilan's "motion to proceed in U.S. Court of Appeals," doc. # 60, which this Court construes as a notice of appeal and a motion for leave to appeal *in forma pauperis* (IFP).[1]

To obtain IFP status on appeal, a party's appeal must be taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith, in turn, means that there is an issue on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. U. S.*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Gillilan's implied motion for leave to appeal IFP urges that the Court (1) fabricated its order to dismiss by not acknowledging that exhibits contained perjured testimony by the defendants, (2) committed perjury by stating that Gillilan forged his medical records, and (3) violated his due process rights by "attempting to cover up defendants' violations of laws." Doc. # 60 at 1-2.

The Court overruled similar objections made by Gillilan in its earlier Order adopting the Magistrate Judge's Report and Recommendation. Doc. # 58 at 1 ("Plaintiff admitted that he has forged his own medical records—a procedure he claims is merely a correction. Contrary to his assertion, Plaintiff has submitted no exhibits indicating that Defendants committed perjury.") (citations omitted). There is still no arguable merit to any of Gillilan's objections, so the Court finds that his appeal is not taken in good faith. As a result, Gillilan' implied motion for leave to appeal IFP is *DENIED*. Doc. # 60.

This day of 12 April 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Despite his status as a three-striker under 28 U.S.C. § 1915(g), Gillilan was granted IFP status to pursue certain claims that fell within the imminent danger exception of § 1915(g). Doc. # 10 at 1.